IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT



APPEAL NO. 23-12450-F
USDC No. 2:22-CR-00047

ANTUAN CORNELL RIGGS,

        Appellant,

vs.

UNITED STATES OF AMERICA,

        Appellee.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
(SOUTHERN DIVISION)

---

APPELANT'S INFORMAL PRO SE OPENING BRIEF

---

Antuan Cornell Riggs
Reg. No. 35846-001
FCI Edgefield
P.O. Box 725
Edgefield, SC 29824

## DISCLOSURE STATEMENT

Appellant is not a member of a Corporation and there is not a Corporation with interest in this Appeal.

# TABLE OF CONTENTS

Title                                                              Page #

Disclosure Statement ..................................... i
Table of Contents ........................................ ii
Table of Authorities ..................................... iii
Statement of Jurisdiction ................................ 1
Statement of Issues ...................................... 2
Statement of the Case .................................... 2, 3
Summary of the Argument .................................. 3
Argument ................................................. 3-10
Conclusion ............................................... 10
Statement of Interested Parties .......................... 11
Certificate of Compliance ................................ 12
Certificate of Service ................................... 13

TABLE OF AUTHORITIES

Case                                                                Page #

United States v. Barnes

2021 WL 1269783 at *4 (S.D. Ind. Jan 29, 2021) .......... 8

United States v. Bryant

996 F.3d 1243, 1252-52 (11th Cir. 2021) ................ 3, 10

United States v. Bucci

409 F.Supp.3d 1, 2 (D. Mass. 2019) ..................... 8

United States v. Griffin

2020 WL 7295765 at *2-3 (S.D. Fla. Dec 8, 2021) ......... 9

United States v. Reyes

2020 WL 1663129 at *3 (N.D. Ill. Apr 3, 2020) ........... 9


Statutes

18 U.S.C. §3582(c)(1)(A)

28 U.S.C. §994(t)

## STATEMENT OF JURISDICTION

This is an Appeal from a United States District Court. The District Court's Jurisdiction rests in 18 U.S.C. §3231. This Court has jurisdicton pursuant to 28 U.S.C. §1291. This is an Appeal from a Final Judgment of a United States District Court. The District Court entered Judgment on June 15, 2023. Appellant filed a Notice of Appeal on July 1, 2023.

1

STATEMENT OF ISSUES

Whether the District Court abused its discretion denying Appellant's Motion for Compassionate Release.

STATEMENT OF THE CASE

Riggs pled guilty and on October 27, 2022, was sentenced to a total of 108 months in prison. He was sentenced to 48 months on a felon in possession of a firearm charge and a controlled substance charge, each to be served concurrently. The Court also imposed an additional consecutive 60-month sentence on use of and carrying a firearm during and in relation to a drug trafficking crime charge. (Doc 43, Pg 1).[1]

On April 21, 2023, Riggs filed a Motion for Reduction in Sentence pursuant to 18 U.S.C §3582(c)(1)(A). (Doc 48). Defendant argued that (1) he has serious medical issues, (2) his family members have serious medical conditions that have worsened, (3) he had to endure extremely harsh conditions while in pretrial custody, and (4) his medical issues put him at a high risk if he were to ever contract COVID-19. (Doc 48, Pages 2-3).

---

[1] Doc # references documents filed in the United States District Court N.D. ATA 2:22-CR-00047-RDP-JHE

The Government responded, asserting Riggs does not meet statutory criteria for relief, because he cannot show that (1) the reduction would not endanger any person or the community, (2) extraordinary and compelling reasons exist for his release, or (3) the statutory sentencing factors in 18 U.S.C. §3553(a) weigh in favor of early release. (Doc 50.). Riggs timely appealed this, the appeal at bar.

SUMMARY OF THE ARGUMENT

In light of the Amendments to the United States Guidelines §1B1.13(a) and what constitutes "extraordinary and compelling reasons" the Court abused its discretion relying on United States v. Bryant, 996 F.3d 1243, 1252-52 (11th Cir. 2021). Therefore, this case should be remanded back for further consideration under the substantial amendments.

ARGUMENT

   I.) United States v. Bryant Is No Longer Good Law, Thus The court Below Used The Incorrect Standard

The Court below based its decision on Bryant without considering the substantial amendments to the United States Sentencing Guidelines ("USSG"). Those Amendments render Bryant inapplicable.

3

The Sentencing Commission amended the Guidelines in response to, among other things, the First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, §603(b), 132 Stat. 5194, 5239, which amended 18 U.S.C. §3582(c)(1)(A) to authorize courts to grant a motion for a sentence reduction upon a defendants own motion. Previously, a court was authorized to do so only upon the motion of the Director of the Bureau of Prisons ("BOP"). Congress amended the law for the express purpose, set forth on the fact of the enactment, of "increasing the use" of sentence reduction motions under §3582(c)(1)(A). First Step Act §603(b).

§3582(c)(1)(A) authorizes a court to reduce a defendant's term of imprisonment if "extraordinary and compelling reasons" warrant a reduction and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Congress directed the Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." Sentencing Reform Act of 1984 ("SRA"), Pub. L. No. 98-473, 98 Stat. 1987, 2023 (codified at 28 U.S.C. §994(t)). Congress also directed the Commission to promulgate general policy statements regarding the appropriate use of §3582(c). 28 U.S.C. §994(a)(2)(C).

4

For more than 30 years, reductions pursuant to §3582(c)(1)(A) could be granted only upon motion of the BOP. The BOP filed such motions extremely rarely - the number of defendants receiving relief averaged two dozen per year - and for the most part limited its motions to cases involving inmates who were expected to die within a year or were profoundly and irremediably incapacitated. U.S. Dep't of Just., Off. of the Inspector Gen., The Federal Bureau of Prisons' Compassionate Release Program, I-2013-006 1 & n.9 (2013).

Sentence reductions under §3582(c)(1)(A) thus came to be known as "compassionate release" though that phrase appears nowhere in the SRA and sentence reductions that do not result in immediate release are authorized by law. The BOP's sparing use of its authority persisted despite guidance from the Commission in 2007 that "extraordinary and compelling reasons" can be based on: (a) the medical condition of the defendant; (b) the age of the defendant; (c) the defendant's family circumstances; and (d) reasons other than, or in combination wit, those three specified ones. USSG App.C, amend 698 (effective Nov. 1, 2007).

In 2018, the First Step Act put an end to the BOP's gate-keeping function and allowed individuals to file motions for sentence reductions under the statute. Because the Commission lost its quorum in early 2019 and did not regain it until 2022, it was unable to amend §1B1.13 during the more than four-year period since defendants were first permitted to file such motions. During those years, courts have found extraordinary and compelling reasons warranting sentence reductions based on

5

all of the factors the Commission identified in 2007, i.e., the three specified bases of medical condition, age, and family circumstances, and the "other reasons" catchall. Commission data indicate courts have hewed to the "extraordinary and compelling" requirements, see U.S. Sent'g Comm'n, Compassionate Release Data Report (Dec. 2022), at tbls 10,12 & 14, and while they have found such circumstances to be present in more cases than the BOP had before the First Step Act, they have been judicious in granting relief.

Among other things, the amendment extends the applicability of the policy statement to defendant-filed motions; expands the list of specific extraordinary and compelling reasons that can warrant sentence reductions; retains the existing "other reasons" catchall; provides specific guidance with regard to the permissible consideration of changes in the law; and responds to case law that developed after the enactment of the First Step Act.

The amendment expands the list of specified extraordinary and compelling reasons and retains the "other reasons" basis for a sentence reduction to better account for and reflect the plain language of §3582(c)(1)(A), its legislative history, and decisions by courts made in the absence of a binding policy statement.

6

The list of specified "extraordinary and compelling reasons" is expanded by: (a) adding two new subcategories to the "Medical Circumstances of the Defendant" ground for relief; (b) making three modifications to the "Family Circumstances" ground; (c) adding a new ground called "Victim of Abuse"; and (d) adding a new ground called "Unusually Long Sentence", which permits a judge to consider a non-retroactive change in sentencing law as an extraordinary and compelling reason in specified circumstances.

The first of the two new subcategories under "Medical Circumstances of the Defendant" applies when a defendant is "suffewring from a medical condition that requires long-term or specialized medical care that is not being provided" and who, without that care, "is at risk of serious deterioration in health or death". The second applies when a defendant, due to personal health risk factors and custodial status, is at increased risk of suffering severe medical complications or death as a result of exposure to an ongoing outbreak of infectious disease or public health emergency. The amendment incorporates several factors courts considered during the COVID-19 Pandemic related to the defendants individual health circumstances, the level of risk at the defendants facility, and the ability to adequately mitigate the defendant's individualized risk. The public health emergency prong requires that the emergency be declared by the appropriate governmental authority. These new subcategories reflect the medical circumstances not expressly identified in §1B1.13 that were most often cited by courts in granting sentence reduction motions during the pandemic. See U.S. Sent'g Comm'n Compass-

ionate Release Data Report (Dec. 2022) tbls 10, 12 & 14.

The second modification made by the Sentencing Commission to the list of specified extraordinary and compelling reasons revises the "Family Circumstances" ground in three ways. First, it expands the existing provision relating to the death or incapacitation of the caregiver of a defendants minor child, to include a child who is 18 years or older and incapable of self-care because of a mental or physical disability or a medical condition. This expansion reflects the Commission's determination that providing care for a non-minor child with severe caretaking needs presents a circumstance similar to providing care for a minor child, as some courts have recognized. See e.g., United States v. Barnes, No. 3:17-cr-00011, 2021 WL 1269783 at *4 (S.D. Ind. Jan 29, 2021) (granting a sentence reduction to a defendant whose 21-year old son had numerous physical and mental disabilities that required 24-hour care, finding these circumstances "to be analogous to a minor child"). Second, the amendment adds a new provision for cases in which a defendants parent is incapacitated and the defendant would be the only available caregiver. Other than the relationships specified in the current policy statement, a parent has been the family member most often identified as needing care by courts granting sentence reductions under §3582(c)(1)(A). See U.S. Sent'g Comm'n Compassionate Release: The Impact of the First Step Act and COVID-19 Pandemic (2022), at 32; see also United States v. Bucci, 409 F.Supp.3d 1, 2 (D. Mass 2019) (concluding that there is "no reason to discount" a defendants caregiving role "simply because the incapacitate family member is a parent and not a spouse",

registered partner, or minor child). The third modification to the family circumstances ground adds a provision that applies when the defendant establishes that similar circumstances exist with respect to a person whose relationship with the defendant is similar in kind to that of an immediate family member, and the defendant would be the only available caregiver. This provision recognizes the diversity of family structures in America, and that caretaking needs within all of those family structures may give rise to equally extraordinary and compelling circumstances. The amendment accords with decisions by courts after the First Step Act. See e.g. United States v. Griffin, No. 1:95-cr-00751, 2020 WL 7295765 at *2-3 (S.D. Fla. Dec. 8, 2020) (granting release because the defendant was "the only viable, adequate caregiver for his sister" who had significant cognitive impairment due to vascular dementia and stroke); United States v. Reyes, No 04-cr-970, 2020 WL 1663129 at *3 (N.D. Ill. Apr 3, 2020) (granting defendant relief to assist in caring for his aunt with stage four cancer, recognizing "non-traditional family arrangements and the need for others in the family to contribute when a relative is sick"). Relief is available under this subsection only if the defendant establishes both the qualifying relationship and that the defendant is the only available caregiver.

In this case, the Court below applied the historical definitions, relying on <u>Bryant</u>. In the least, the amendments discussed above would invalidate <u>Bryant</u> as to limiting the review to the historical defined "extraordinary and compelling reasons". Accordingly, this Court should remand this case back to the District Court to consider the substantial changes.

CONCLUSION

The District Court Abused Its Discretion Relying On <u>Bryant</u> And The Pre-Amendment Definitions. Therefore, The Matter Should Be Remanded Back For Further Review.

Respectfully submitted on  8/30/23  .

Antuan Cornell Riggs
Reg. No. 35846-001
FCI Edgefield
P.O. Box 725
Edgefield, SC 29824

## STATEMENT OF INTERESTED PARTIES

The following parties have an interest in this Appeal.

1. Brad Fulton, U.S. Attorney's Office, N.D. Ala.
2. Hon. David Procher, U.S. District Judge, N.D. Ala.
3. Antuan Cornell Riggs

## CERTIFICATE OF COMPLIANCE

Appellant hereby certifies that the attached brief is within the page length pursuant to F.R.A.P. 32(a)(7) because it is less than 30 pages and complies with monospaced plain text, pursuant to F.R.A.P. 32(a)(5)(B) and (6).

*Antuan Cornell Riggs*

## CERTIFICATE OF SERVICE

I, <u>Antuan Cornell Riggs</u> hereby certify that I have served a true and correct copy of the following:

    Appellant's Informal Pro Se Opening Brief

which is deemed filed at the time it was delivered to prison authorities for forwarding [<u>Houston v. Lack</u>, 101 L.Ed.2d 245 (1988)] upon the defendant(s) and or his/her attorney(s) of record by placing same in a sealed, postage paid envelope addressed to:

    Brad Fulton
    U.S. Attorney's Office
    1801 Fourth Ave. North
    Birmingham, AL 35203

and by depositing same in the United States Mail at the Federal Correctional Institution <u>Edgefield</u> on this <u>30</u> day of <u>August</u>, 2023.

    */s/ Antuan Cornell Riggs*
    Antuan Cornell Riggs
    Reg. No. 35846-001
    FCI Edgefield
    P.O. Box 725
    Edgefield, SC 29824

Antuan Riggs #35846-001
Federal Correctional Institution
P.O. Box 725
Edgefield, SC 29824



⇔35846-001⇔
Clerk Of Court
56 Forsyth ST NW
Atlanta, GA 30303
United States

U.S. MARSHALS SERVICE
Atlanta, GA
SEP 01 2023
CLEARED SECURITY

Legal Mail

Federal Prison
P.O. Box 725
Edgefield, SC 29824

LEGAL/SPECIAL MAIL: The enclosed letter forwarded to you was processed using special mail procedures. The letter was neither opened/inspected. If the writer has a question problem over which this facility has jurisdiction, you may return the materials for further information/clarification. If the writer encloses correspondence for forwarding to another addressee, please return enclosure to the above address.

Initials _TAD_ Date 8/30/23